# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| ANTONYA V. WILLIAMS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FULCRUM RETAIL ENERGY, LLC d/b/a AMIGO ENERGY,<br><br>Defendant. | CLASS ACTION COMPLAINT<br><br>CASE NO. 3:22-cv-00460<br><br>DEMAND FOR JURY TRIAL |

## CLASS ACTION COMPLAINT

NOW comes ANTONYA V. WILLIAMS ("Plaintiff"), by and through the undersigned, on behalf of himself and all others similarly situated, complaining as to the conduct of FULCRUM RETAIL ENERGY, LLC d/b/a AMIGO ENERGY ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action on behalf of herself and numerous other similarly situated individuals against Defendant pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.,* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code § 392.001 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Texas.

## PARTIES

4. Plaintiff is a natural person over 18 years-of-age residing in Dallas, Texas, which lies within the Northern District of Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is an energy company that provides services to consumers throughout the state of Texas, and in connection therewith, routinely attempts to collect debts owed to it in connection with the services it provides consumers. Defendant is a limited liability company organized under the laws of the state of Texas whose agent for service of process is located at 211 East 7th Street, Suite 620, Austin, Texas.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Beginning in approximately mid-November 2021, Plaintiff began receiving calls from Defendant to her cellular phone, (214) XXX-0209.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -0209. Plaintiff is and has always been financially responsible for the cellular phone and its services.

11. Defendant has primarily used the phone number (281) 247-0966 when placing calls to Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

12. Upon information and belief, the above-referenced phone number is regularly utilized by Defendant in connection with its communications with consumers, including its efforts to collect debts from consumers.

13. On unanswered calls from Defendant, Plaintiff is left pre-recorded voicemail messages asking for a return call.

14. These voicemail messages came from Defendant and request that Plaintiff call back the number (866) 527-7179.

15. Upon speaking with Defendant, Plaintiff was informed that Defendant was calling seeking to collect upon past due payments said to be owed by an individual named "Pedro."

16. Plaintiff never had services with Defendant, does not know this individual named Pedro, and informed Defendant that it had the wrong number, she was not the party it was seeking, and further demanded that Defendant stop contacting her cellular phone.

17. Defendant apologized and advised that Claimant's phone number would be removed from its list.

18. However, notwithstanding Defendant's acknowledgement and representation that the calls would cease, Plaintiff continued to be subjected to repeated and continuous telephone calls from Defendant.

19. Since the calls began, Defendant frequently placed upwards of 3 phone calls per day to Plaintiff's cellular phone, leaving pre-recorded or artificial voicemail messages with each call.

20. Plaintiff has reiterated her information and demands that Defendant's phone calls cease on multiple occasions, and Defendant has acknowledged its error on a number of occasions, yet Defendant has persisted in bombarding Plaintiff with unnecessary and unwanted collection efforts.

21. Defendant's multiple daily calls have also often been placed in short succession.

22. In total, Plaintiff has received well over 100 phone calls to her cellular phone from Defendant despite having no business relationship with Defendant and despite repeatedly informing Defendant that they were calling the wrong person and their contacts needed to stop.

23. Plaintiff has suffered significant distress and aggravation as a result of Defendant's conduct in bombarding Plaintiff with unnecessary and unconsented-to automated messages.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unconsented-to telephone calls, emotional distress, aggravation, frustration, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, and diminished space for data storage on her cellular phone.

25. Upon information and belief, Defendant's conduct directed towards Plaintiff is indicative of a pattern and practice wherein Defendant contacts consumers with which it shares no preexisting business relationship, and continues calling such consumers even after such consumers have requested that no further calls occur.

26. All of Defendant's phone calls to Plaintiff's cellular phone number subject to this action occurred within the four years preceding the date of the filing of the Complaint in this matter.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action on behalf of himself and others similarly situated against Defendant for its violations of the TCPA and TDCA.

28. Plaintiff brings this action against Defendant, both on her own behalf and as a class action on behalf of the following Class:

> All persons residing in the State of Texas to whom Defendant placed collection calls, to such persons' cellular phones, using prerecorded or artificial voice messages, absent prior express consent, within four years preceding the filing of this Complaint through the date of class certification.

29. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a).

30. Upon information and belief, the Class outlined above consists of hundreds or more persons throughout the State of Texas such that joinder of the respective Class members is impracticable.

31. There are questions of law and fact that are common to the respective Class members that relate to Defendant's violations of the TCPA and TDCA, particularly because the questions of law and fact are based on a common course of conduct by Defendant as it relates to the respective Class members.

32. Plaintiff and the members of the Class were harmed by the acts of Defendant in, *inter alia,* the following ways: Defendant illegally contacted Plaintiff and putative Class members via their cellular phones thereby causing Plaintiff and the respective Class members to incur certain charges or reduced telephone time by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

33. The claims of Plaintiff are typical of the claims of the proposed Class because they are based on the same legal theories and course of conduct, and Plaintiff has no interests that are antagonistic to the interests of the respective Class members.

34. Plaintiff is an adequate representative of the Class and has retained competent legal counsel experienced in class actions and complex litigation.

35. The questions of law and fact common to the Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendant. The predominant questions of law and fact as they relate to the Class include, but are not limited to: (i) whether Defendant utilized prerecorded or artificial voice technology when calling Plaintiff and putative Class members; (ii) whether Defendant had the requisite prior express consent to contact Plaintiff and putative Class members using prerecorded or artificial voice messages; (iii) whether Defendant violated the TCPA and TDCA by placing unconsented calls to Plaintiff's and putative Class members' cellular phones using prerecorded or artificial voice technology; and (iv) the type and amount of relief to which the Plaintiff and Class members are entitled.

36. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would cause a strain on judicial resources and could result in inconsistent or varying adjudications, yet each respective Class member would be required to prove an identical set of facts in order to recover damages.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

37. Plaintiff repeats and realleges paragraphs 1 through 36 as though fully set forth herein.

38. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using prerecorded or artificial voice messages without their consent.

39. Defendant's use of prerecorded messages in its contacts made towards Plaintiff and the Class underscores that its conduct in relation to such Class is within the ambit of the TCPA.

6

40. Defendant violated the TCPA by placing repeated and persistent phone calls using prerecorded messages to Plaintiff's and the Class members' cellular phones absent prior express consent. Plaintiff never consented to receiving any calls from Defendant as she had no previous relationship with Defendant. As such, Plaintiff and the Class class members never consented to receiving phone calls from Defendant, and similarly revoked any consent that Defendant may have had for its calls, which illustrates the extent to which Defendant's contact efforts with Plaintiff and the Class members were made absent the requisite prior express consent for such calls.

41. The calls placed by Defendant to Plaintiff and the Class members were regarding business activity and were not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

42. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff and the respective Class members for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff and the respective Class members are otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, ANTONYA V. WILLIAMS, respectfully requests that this Honorable Court grant the following:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Certification of the Class requested above and appointment of the Plaintiff as Class Representative and of her counsel as Class Counsel;

c. Awarding damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

d. Awarding Plaintiff costs and reasonable attorney fees;

e. Enjoining Defendant from further contacting Plaintiff; and

  f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

43. Plaintiff restates and realleges paragraphs 1 through 42 as though fully set forth herein.

44. Plaintiff is a "person" as contemplated by Tex. Fin. Code Ann. § 392.403(a).

45. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

46. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes. Due to the nature of Defendant's business in providing residential energy services to consumers throughout Texas, the debt which it sought to collect from Plaintiff was likely personal in nature by whomever incurred it.

  a. **Violations of TDCA § 392.302**

47. The TDCA, pursuant to Tex. Fin. Code § 392.302(4), provides that "in debt collection, a debt collector may not oppress, harass, or abuse a person by: causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

48. Defendant violated § 392.304(4) of the TDCA through its contacts directed towards Plaintiff's cellular phone. Despite Plaintiff having no connection to the subject debt and never consenting to Defendant's calls, Defendant repeatedly and consistently contacted Plaintiff seeking to collect upon a debt owed by an individual with whom Plaintiff was completely unfamiliar. The fact Defendant placed such voluminous and consistent phone calls to an innocent consumer who had made several requests that the calls stop underscore the harassing intent behind Defendant's conduct.

  b. **Violations of TDCA § 392.304**

49. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(8), prohibits a debt collector from "misrepresenting the character, extent, or amount of a consumer debt . . ." The TDCA, under Tex. Fin. Code Ann. § 392.304(19), further prohibits a debt collector from "using any other false representation or deceptive means to collect a debt . . . ."

50. Defendant violated the above referenced provisions of the TDCA through its repeated and continuous attempts to collect a debt from Plaintiff which she did not owe. Defendant's repeated phone calls suggested to Plaintiff that, despite her lack of obligation on the subject debt, Defendant still believed her to owe it and would continue to attempt to collect. As such, Defendant misrepresented the character of the subject debt as being properly collectible from Plaintiff. Such representations are inherently false given Plaintiff's complete lack of any sort of obligation owed to Defendant.

51. Further, Defendant violated the § 392.304(19) of the TDCA when it unlawfully left automated voice message for Plaintiff despite her never consenting to such communications. Defendant deceptively and misleadingly represented its lawful ability to engage in its communications, when in fact such communications were inherently unlawful and in violation of vital consumer protection statutes.

WHEREFORE, Plaintiff, ANTONYA V. WILLIAMS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Certification of the Class requested above and appointment of the Plaintiff as Class Representative and of her counsel as Class Counsel;

c. Award Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

d. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

 e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

 f. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b); and,

 g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 25, 2022            Respectfully submitted,

| | |
|---|---|
| s/ Nathan C. Volheim | s/Eric D. Coleman |
| Nathan C. Volheim, Esq. #6302103 | Eric D. Coleman, Esq. #6326734 |
| Counsel for Plaintiff | Counsel for Plaintiff |
| Admitted in the Northern District of Texas | Admitted in the Northern District of Texas |
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 2500 South Highland Ave., Suite 200 | 2500 South Highland Ave., Suite 200 |
| Lombard, Illinois 60148 | Lombard, Illinois 60148 |
| (630) 568-3056 (phone) | (331) 307-7648 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | ecoleman@sulaimanlaw.com |

s/ Alejandro E. Figueroa
Alejandro E. Figueroa, Esq. # 6323891
Counsel for Plaintiff
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(630) 575-8181, ext. 120 (phone)
(630) 575-8188 (fax)
alejandrof@sulaimanlaw.com